GREENWOOD, APPELLANT, *v.* TAFT, STETTINIUS & HOLLISTER, APPELLEE.

[Cite as *Greenwood v. Taft, Stettinius & Hollister*
(1996), 75 Ohio St.3d 1204.]

(No. 95–2209—Submitted February 20, 1996—Decided March 6, 1996.)

*Alphonse A. Gerhardstein,* for appellant.
*Katz, Teller, Brant & Hild* and *Robert A. Pitcairn, Jr.,* for appellee.

The cause is before the court on a motion for discretionary appeal. The motion is denied.

WRIGHT, RESNICK, F.E. SWEENEY and COOK, JJ., concur.

MOYER, C.J., and PFEIFER, J., dissent separately.

DOUGLAS, J., dissents.

PFEIFER, J., dissenting. I dissent because this case involves a matter of great public or general interest, concerns an area which this court has not recently addressed, and presents novel legal issues.

Appellant Scott Greenwood, an attorney, claims that appellee law firm, Taft, Stettinius & Hollister, fired him because he is gay and because he performed *pro bono* work in favor of retaining the Human Rights Ordinance of the city of Cincinnati. The trial court granted the firm's Civ.R. 12(B)(6) motion to dismiss Greenwood's complaint, finding that Greenwood failed to state a claim. The court of appeals affirmed the dismissal as to the wrongful discharge claim.

We cannot know at this point the truthfulness of Greenwood's allegations. Since the case was decided upon a motion to dismiss, we must take all the allegations in the complaint as true. Thus, this court was faced with some novel questions that, no matter the answer, deserve a response: Can an employer in Ohio fire an employee based upon his sexual preference? Does the Code of Professional Responsibility enunciate a public policy that lawyers should not be fired because of the clients they choose to represent? Does the recently adopted Disciplinary Rule prohibiting discrimination based on sexual orientation (DR 1–102[B]) provide the requisite public policy?

MOYER, C.J., concurs in the foregoing dissenting opinion.